IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRENDA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-00796-CV-W-JAM |
| GUADALUPE CENTERS, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Sever and Remand Count II of her Complaint and Suggestions in Support (Docs. 6, 7). Defendant did not file a response.

### I. BACKGROUND

Plaintiff Brenda Smith filed suit against Defendant Guadalupe Centers, Inc., in the Circuit Court of Jackson County, Missouri, asserting a claim for wrongful discharge, retaliation, and discrimination under Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.780 (Count II), and other claims arising under state (MHRA) and federal laws (ADA, FMLA, ADEA, Title VII and § 1981). (Doc. 1-1) Defendant removed the case under 28 U.S.C. §§ 1441 and 1446. (Doc. 1) Plaintiff filed the present motion, asking the Court to remand Count II because the Missouri Workers' Compensation claim is not removable under 28 U.S.C. § 1445(c). (Doc. 6)

### II. ANALYSIS

**A. Claim Under Mo. Rev. Stat. § 287.780 Must Be Severed and Remanded**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the action falls within the federal court's jurisdiction. The defendant, as the party seeking removal, bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). If the federal

court determines at any point that it lacks subject matter jurisdiction, the court is required to remand the case to state court. *Id.* Any uncertainties regarding the existence of federal jurisdiction must be resolved in favor of remand. *Id.* at 620.

A district court has original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, as well as supplemental jurisdiction over claims that are so closely related to federal law claims that they form part of the same case or controversy. 28 U.S.C. §§ 1331, 1367(a). Congress has identified certain claims as non-removable to federal court, including those arising under state workers' compensation laws. 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) (a § 287.780 claim arises under the state workers' compensation laws).

Courts addressing the remand of workers' compensation discrimination claims have reached the same conclusion, holding that such claims are not removable. In *Tuggar v. Kansas City Art Institute*, the district court severed and remanded the plaintiff's wrongful discharge and discrimination claims arising under Missouri workers' compensation laws, while retaining jurisdiction over the race discrimination and retaliation claims under 42 U.S.C. § 1981. No. 4:20 CV-00781-HFS, 2021 U.S. Dist. LEXIS 229344, at *1 (W.D. Mo. June 14, 2021). *See also Carr v. Am. Bottling Co.*, No. 4:21-CV-325-SRW, 2021 U.S. Dist. LEXIS 84242, at *1 (E.D. Mo. May 3, 2021) (under 28 U.S.C. § 1441(c), as amended, district courts must sever and remand non-removable claims); *Parks v. Barnes-Jewish Hosp.*, Case No. 4:20-CV-01818-MTS, 2021 U.S. Dist. LEXIS 24610, at *1 (E.D. Mo. Feb. 9, 2021) (the court severed and remanded plaintiff's retaliation claim while retaining jurisdiction over the Title VII claim); *Campbell v. Anytime Labor-Kansas LLC*, Case No. 16-00142-CV-W-GAF, 2016 U.S. Dist. LEXIS 62053, at *4-5 (W.D. Mo.

May 11, 2016) (remanding a workers' compensation retaliation claim but retaining jurisdiction over MHRA claims under § 1367 as part of the same case or controversy as the federal claims); *Hearring v. Just Us of Columbia, LLC*, Case No. 2:15-CV-04255-NKL, 2016 U.S. Dist. LEXIS 8109, at *7 (W.D. Mo. Jan. 25, 2016) (remanding a workers' compensation claim to state court while retaining jurisdiction over FLSA claims).

Count II, under the Missouri Workers' Compensation Act, must be severed and remanded to state court, while the remaining claims may proceed in federal court.

### B. Authority of This Court is Proper

Although there is not consent from all parties currently, magistrate judges have the authority to remand claims that are nonremovable under 28 U.S.C. § 1445. 28 U.S.C. § 636. *See Harter v. Am. Fam. Mut. Ins. Co.,* No. 4:18-CV-1290-DDN, 2018 WL 10498463, at *1-2 (E.D. Mo. Oct. 3, 2018) (a magistrate judge has authority under 28 U.S.C. § 636(b) to rule on a motion to remand, distinguishing between dispositive and non-dispositive orders, even absent consent from all parties); *Regents of the Univ. of Minn. v. Glaxo Wellcome, Inc.*, 44 F. Supp. 2d 998, 1001 (D. Minn. 1999) (motions to remand fall within a magistrate judge's authority under § 636(b)(1)(A)).

### III. CONCLUSION

Because remand of Count II is proper and within the authority of this Court, it is hereby

**ORDERED** that Plaintiff's Motion (Doc. 6) is granted, such that Count II is hereby **SEVERED** and **REMANDED** to the Circuit Court of Jackson County, Missouri, for further proceedings. The other claims (Counts I, III-VII) remain pending in the United States District Court for the Western District of Missouri.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE